

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OLGA LAUREANO-MASCORRO,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No. 19-71268

Agency No. A200-628-027

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021[**]
Pasadena, California

Before:  GRABER, MILLER, and LEE, Circuit Judges.

Petitioner Olga Laureano-Mascorro, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") decision affirming the

immigration judge's ("IJ") denial of withholding of removal and protection under

the Convention Against Torture ("CAT").  We deny the petition.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.  Substantial evidence supports the BIA's adoption of the IJ's adverse credibility determination.  See Shrestha v. Holder, 590 F.3d 1034, 1039–41 (9th Cir. 2010) (stating standard).  The IJ was permitted, in considering "the totality of the circumstances," to rely on inconsistencies between Petitioner's written and oral statements.  Id. at 1043.

Petitioner related inconsistent details about the kidnapping and assault she experienced.  See id. at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").  For example, Petitioner testified that the wife of a smuggler introduced her to a smuggling operation, which conflicted with her written statement that it was her partner and sister who did so.  This was not a trivial inconsistency:  how Petitioner was introduced to the smugglers relates directly to the kidnapping she allegedly endured.  See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir. 2001) (holding that inconsistencies relating to "the events leading up to [petitioner's] departure and the number of times he was arrested" substantiated an adverse credibility determination), superseded by statute on other grounds as stated in Shrestha, 590 F.3d at 1046.   The BIA and IJ were not required to believe Petitioner's explanation that she was confused because she had attempted to cross the border many times.  See Zamanov v. Holder, 649 F.3d 969,

2

974 (9th Cir. 2011) (holding that, given the importance of the testimony, the agency was not required to believe the petitioner's explanation). Petitioner had been asked about a specific border crossing attempt; she could not explain the discrepancy with regard to that event. See Rizk v. Holder, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the [agency] reasonably rejects the alien's explanation, . . . or if the alien fails to provide a plausible explanation, the [agency] may properly rely on the inconsistency as support for an adverse credibility determination.") (internal citation omitted).

Petitioner also testified that she was supposed to pay the smugglers $7,500 once she had crossed into the United States, but her declaration stated that she was supposed to pay $10,500. Petitioner's explanation that the amounts differed with the method of crossing was unsupported by the record and, thus, does not compel a contrary conclusion regarding the consistency of the statements. INS v. Elias–Zacarias, 502 U.S. 478, 481 n.1 (1992).

Additionally, Petitioner testified that she was coerced into telling her sister that she had crossed into the United States and that the sister should send money to the smugglers. But her declaration said the opposite: that Petitioner told her sister not to send money because she had not yet arrived. Again, Petitioner could not explain this inconsistency. Finally, Petitioner testified that she was restrained but

3

not harmed during another kidnapping, whereas her declaration states that she was beaten until she fainted. Petitioner offered no explanation for this discrepancy.

Even if some of these inconsistencies are trivial, "minor inconsistencies going to the heart of a petitioner's claim may, when considered collectively, deprive [the] claim of the requisite 'ring of truth,' thereby supplying substantial evidence that will sustain the [agency's] adverse credibility determination." Rizk, 629 F.3d at 1088 (internal quotation marks omitted) (first alteration in original). In the absence of credible testimony or sufficient corroborating evidence, Petitioner's withholding claim fails. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. Substantial evidence also supports the BIA's denial of Petitioner's claim for relief under CAT. See Shrestha, 590 F.3d at 1048 (stating standard of review and CAT standard). Petitioner's CAT claim was premised "on the same statements . . . that the BIA determined to be not credible." Farah, 348 F.3d at 1157. Thus, the adverse credibility finding also supports denial of CAT relief. Shrestha, 590 F.3d at 1049. And the other evidence in the record does not compel a finding that Petitioner is entitled to CAT relief.

**PETITION DENIED**.